**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 19 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

KATHRYN E NIXON,

          Plaintiff - Appellant,

  v.

CATHOLIC HEALTH INITIATIVES,

          Defendant,

  And

ATIF MIAN and FRANCISCAN
HEALTH SYSTEM,

          Defendants - Appellees.

No. 12-35276

D.C. No. 3:11-cv-05076-BHS

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
Benjamin H. Settle, District Judge, Presiding

Argued and Submitted February 3, 2015
Seattle, Washington

Before: FISHER, BEA, and MURGUIA, Circuit Judges.

---

     [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Plaintiff–appellant Kathryn E. Nixon sued defendant–appellee Franciscan Health Services (FHS) for sex discrimination and constructive discharge under Title VII, 42 U.S.C. § 2000e-2, and Washington discrimination law, R.C.W. 49.60.180. Nixon also sued defendant–appellee Dr. Atif Mian for battery under Washington law. The district court granted FHS's motion for summary judgment and declined to exercise supplemental jurisdiction over Nixon's state-law battery claim against Dr. Mian. We exercise jurisdiction under 28 U.S.C. § 1291 and affirm.

**1.** Nixon sued FHS for sex discrimination under a theory of hostile work environment, alleging that FHS "fail[ed] to take prompt and appropriate remedial action in response to plaintiff Nixon's complaint of hostile work environment sexual harassment." Sexual harassment occurs where the plaintiff was subjected to a hostile work environment; i.e., where she "was subjected to verbal or physical harassment that was sexual in nature, . . . was unwelcome and . . . was sufficiently severe or pervasive to alter the conditions of the plaintiff's employment." *Dawson v. Entek Int'l*, 630 F.3d 928, 937–38 (9th Cir. 2011). "[E]mployers are liable for failing to remedy or prevent a hostile or offensive work environment of which management-level employees knew, or in the exercise of reasonable care should have known." *Id.* at 940 (alteration in original) (quoting *Ellison v. Brady*, 924 F.2d

2

872, 881 (9th Cir. 1991)).[1] An employer "may nonetheless avoid liability for such harassment if it undertook remedial measures 'reasonably calculated to end the harassment.'" *Id.* (quoting *Ellison*, 924 F.2d at 882).

We hold that FHS responded adequately to Nixon's claims as a matter of law. Our analysis proceeds in two steps. First, we consider FHS's immediate response to Nixon's complaint; then, we consider the permanent remedial steps FHS took after concluding its investigation. *See Swenson v. Potter*, 271 F.3d 1184, 1192 (9th Cir. 2001).

**a.** When Nixon reported Dr. Mian's alleged conduct to FHS, FHS promptly initiated an investigation. As part of the investigation, FHS interviewed witnesses, formally confronted Dr. Mian with the allegations, and encouraged Nixon to take steps necessary to ensure her own comfort and health, including FHS paying for the administrative leave Nixon decided to take while the investigation was ongoing. We conclude that FHS's immediate response was adequate. *See id.* at 1193–94 (holding that conducting a prompt investigation and separating the complainant from the alleged harasser as much as practicable were reasonable, immediate responses to a sexual harassment complaint).

---

[1] *Arno v. Club Med Inc.*, 22 F.3d 1464, 1472 (9th Cir. 1994), is distinguishable because the alleged conduct there was committed outside the United States and thus could not give rise to liability under Title VII even had it created a hostile work environment.

3

**b.** FHS's investigation was "inconclusive," that is, FHS could not conclude that Dr. Mian had engaged in inappropriate action or that disciplinary action was warranted. FHS nevertheless invited Nixon to meet with its human-resource department to discuss alternative working arrangements that would limit Nixon's possible encounters with Dr. Mian, even offering her the possibility of working at other facilities in the area. We conclude that FHS took adequate permanent steps to remedy the alleged harassment. *See id.* at 1196 (holding that employers need not "impose discipline even if they do not find what they consider to be sufficient evidence of harassment"). Nixon's hostile work environment claims under Title VII and Washington discrimination law therefore fail.

**2.** Our holding that FHS adequately responded to Nixon's sexual harassment complaint also disposes of her constructive discharge claim. Whether or not the conditions Nixon experienced at FHS caused her to resign, Nixon "effectively petitioned" FHS for relief from them before terminating her employment. *See Steiner v. Showboat Operating Co.*, 25 F.3d 1459, 1465–66 (9th Cir. 1994).

**3.** Because the district court properly dismissed Nixon's Title VII claim against FHS – the only claim "over which it ha[d] original jurisdiction," 28 U.S.C. § 1367(c)(3) – it did not abuse its discretion in declining to exercise supplemental jurisdiction over Nixon's state law battery claim against Dr. Mian.

4

**AFFIRMED.**